UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | |
|---|---|
| C.J., )<br>    Plaintiff, )<br>)<br>V. )<br>)<br>UNITED STATES OF AMERICA, et al., )<br>)<br>    Defendants. ) | Civil Action No. 5: 23-039-DCR<br><br>**MEMORANDUM OPINION<br>AND ORDER** |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Plaintiff C.J. alleges that Officer Jacob Salcido sexually assaulted and battered her while an inmate at the Federal Medical Center in Lexington, Kentucky. She sued the United States and Salcido on February 10, 2023, alleging that Salcido violated her constitutional rights and that the United States was negligent under the Federal Tort Claims Act. Salcido has filed a motion to dismiss C.J.'s claims that he violated her Eighth Amendment right to be free from cruel and unusual punishment and that he violated "the laws and constitution of Kentucky and the United States in violation of 42 U.S.C. § 1983." The motion will be granted for the reasons that follow.

The Court accepts all well pleaded allegations contained in a complaint as true, and construes the complaint in the light most favorable to the plaintiff when ruling on a motion to dismiss filed under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007). To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009).

C.J. alleges in Count 1 that Salcido sexually assaulted and battered her, thereby violating her rights under the Eighth Amendment to the United States Constitution. She brings this claim under *Bivens v. Six Unknown Federal Narcotics Agents* which, in some cases, allows an individual injured by a federal officer's violation of the Constitution to assert an action in federal court seeking money damages from the officer. *See Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971). *Bivens* involved federal agents' unreasonable search of the plaintiff's apartment in violation of the Fourth Amendment. The *Bivens* doctrine has been extended in two other contexts—gender discrimination under the Fifth Amendment (*Davis v. Passman*, 442 U.S. 228, 249-50 (1979)) and cruel and unusual punishment under the Eighth Amendment (*Carlson v. Green*, 446 U.S. 14, 25 (1980)).

In the years since this trio of cases was decided, the Supreme Court has clarified that recognizing new implied causes of action under *Bivens* is "a disfavored judicial activity." *Ziglar v. Abbasi*, 582 U.S. 120, 135 (2017). In other words, Congress ordinarily will decide whether a cause of action exists for constitutional violations—not the courts. *Callahan v. Fed. Bureau of Prisons*, 965 F.3d 520, 523 (6th Cir. 2020). The Supreme Court recently shed light on this inquiry in *Egbert v. Boule*, 142 S. Ct. 1793 (2022). There, the Court explained that "the most important question is who should decide whether to provide for a damages remedy, Congress or the court?" *Id.* at 1803 (quoting *Hernandez v. Mesa*, 140 S. Ct. 735, 750 (20)). The Court noted that "[i]f there is a rational reason to think the answer is 'Congress'—as it will be in most every case… no *Bivens* action may lie." *Id.*

The Court asks two questions in determining whether a new cause of action should be recognized under *Bivens*. First, does the case present "'a new *Bivens* context'—*i.e.,* is it 'meaningful[ly]' different from the three cases in which the Court has implied a damages

action[?]" *Id.* If this question is answered in the affirmative, the Court then asks: Are there "special factors" indicating that the judiciary "is at least arguably less equipped than Congress to 'weigh the costs and benefits of allowing a damages action to proceed[?]'" *Id.* And if the answer to this question also is yes, a *Bivens* remedy will be unavailable.

C.J. asks the Court to recognize a *Bivens* action based her alleged sexual assault and battery by Salcido. She suggests that such a cause of action would not be meaningfully different from the one previously recognized in *Carlson* since both involve violations of the Eighth Amendment. However, "[a] claim may arise in a new context even if it is based on the same constitutional provision as a claim in which a damages remedy was previously recognized." *Hernandez*, 140 S. Ct. 743. The Supreme Court has indicated that differing in a meaningful way means even just a "modest extension" of *Bivens*, *Davis*, or *Carlson*. *Jacobs v. Alam*, 915 F.3d 1028, 1037 (6th Cir. 2019) (quoting *Ziglar*, 582 U.S. at 147). And the Court has noted that various factual distinctions may constitute meaningful differences. *See Ziglar*, 582 U.S. at 139-40.[1]

While there are some parallels between the two claims, C.J.'s allegations that Salcido sexually assaulted and battered her differ significantly from a claim against prison officials for failure to treat an inmate's asthma, as recognized in *Carlson*. *See Greene v. United States*, 2022 WL 13638916, at *4 (6th Cir. Sept. 13, 2022) (concluding that plaintiff's Eighth Amendment claims against federal officers for sexual harassment and sexual assault present a

---

[1] The Court noted that "[a] case might differ in a meaningful way because of the rank of the officers involved; the constitutional right at issue; the generality or specificity of the official action; the extent of judicial guidance as to how an officer should respond to the problem or emergency to be confronted; the statutory or other legal mandate under which the officer was operating; the risk of disruptive intrusion by the Judiciary into the functioning of other branches; or the presence of potential special factors that previous *Bivens* cases did not consider."

new context under *Bivens*); *Berry v. Fitzgerald*, 2023 WL 2424181, at *5 (D.N.J. Mar. 9, 2023) (holding that the plaintiff's claim of sexual assault by Bureau of Prisons corrections officers present a new context for purposes of *Bivens*); *Carthen v. Scott*, 2023 WL 346675, at *6 (E.D. Cal. Jan. 20, 2023) (the plaintiff's sexual assault claims involved "entirely different conduct" than that in *Carlson* and therefore arose in a new context).

Because the answer to the first inquiry is "yes," the Court considers whether there are "special factors counseling hesitation in the absence of affirmative action by Congress." This includes consideration of "whether alternative processes exist for protecting the right," "whether existing legislation covers the area," and "separation-of-powers principles"—*e.g.*, whether recognizing a new claim would "interfer[e] with the authority of the other branches and whether the judiciary can competently weigh the costs and benefits at stake." *Callahan v. Fed. Bureau of Prisons*, 965 F.3d 520, 524 (6th Cir. 2020).

Such factors exist in this case, including C.J.'s access to the Bureau of Prisons Administrative Remedy Program, which constitutes an alternative process for protecting her rights under the Eighth Amendment. *See id.* Additionally, Congressional action after *Carlson* indicates that it did not intend for a damages remedy to exist under the present circumstances. In fashioning the Prison Litigation Reform Act of 1995, Congress considered prisoner abuse and how to remedy such wrongs, but did not include an individual cause of action for damages against federal officials. *Id.* (citing *Ziglar*, 582 U.S. at 149). And both the Supreme Court and Sixth Circuit have observed that prison-based claims "present a risk of interference with prison administration"—tasks that "fall peculiarly within the province of the legislative and executive branches." *Id.* (quoting *Turner v. Safley*, 482 U.S. 78, 85 (1987)).

In short, the foregoing factors and authority counsel against extending *Bivens* to C.J.'s Eighth Amendment claim and the plaintiff's motion to dismiss Count 1 will be granted.

Count 3 also fails to state a claim upon which relief can be granted. C.J. asserts in that count that Salcido violated "the laws and constitution of Kentucky and the United States in violation of 42 U.S.C. § 1983." An action brought under § 1983 cannot lie against a federal officer acting under color of federal law. *Williams v. Bezy*, 97 F. App'x 573, 574 (6th Cir. 2004); *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 456 F.2d 1339, 1346 (2d Cir. 1972) (on remand). Contrary to C.J.'s suggestion in response to the motion to dismiss, there are no facts alleged in the Complaint indicating that Kentucky cloaked Salcido with any authority, nor do the facts presented support such a conclusion.[2] Further, Kentucky law does not recognize a private right of action to recover money for a violation of the Kentucky Constitution. *Conn v. Deskins*, 238 F. Supp. 3d 924, 930 (E.D. Ky. 2017) (citing *St. Luke Hosp. v. Straub*, 354 S.W.3d 529, 536-38 (Ky. 2011)).

Notwithstanding the foregoing analysis, it appears that C.J.'s claims are barred by the applicable statute of limitations. Kentucky's one-year statute of limitations for personal injury actions applies to C.J.'s claims. *See Mitchell v. Chapman*, 343 F.3d 811, 825 (6th Cir. 2003). The statute of limitations is tolled while an inmate exhausts administrative remedies, "provided the prisoner acts in a timely and diligent manner." *Brown v. Morgan*, 209 F.3d 595, 596 (6th Cir. 2000).

---

[2] The Complaint alleges that FMC Lexington's correctional officers are "federal employees subjecting the United States of America to liability for improper actions committed within the course and scope of their employment, under color of federal law, or in violation of specific federal statutes." [Record No. 1, ¶ 26]

The incident that forms the basis of C.J.'s Complaint occurred in September 2020. [*See* Record No. 1, ¶¶ 42-48.] She did not file an administrative claim with the BOP until February 9, 2022. [Record No. 1, ¶ 9] Despite the issue of timeliness being raised in Salcido's motion to dismiss, C.J. has failed to explain why she waited more than 16 months to file an administrative complaint.

Based on the foregoing analysis, it is hereby

**ORDERED** as follows:

1.  Defendant Jacob Salcido's motion to dismiss [Record No. 8] is **GRANTED**.

2.  Counts 1 and 3 are **DISMISSED**, with prejudice.

3.  The Clerk of the Court is directed to terminate Defendant Salcido as a party to this action.

Dated: June 6, 2023.



Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky